Carr, J.
The question is whether the evidence supports the replication of the plaintiff to the plea of the statute of limitations? To my understanding it is clear, that it does not; and this, whether we look at the point in issue upon the pleadings, or the plain words and clear meaning of the statute. This is not an action of assumpsit, but debt: there are no money counts in the declaration; no count of insimul computassent. The single point is, whether the cause of action accrued within five years; and the single cause of action counted on, is the note. Now, how is this point supported by the evidence demurred to ? First, there is the promissory note; which, so far from proving that the cause of action accrued within the five years next before the commencement of the suit, proves exactly the reverse. The next evidence is the indorsement on the note. I do not mean to say that this, standing alone, is proof of any thing; but taking it as proof of a partial payment, it is relied on to shew an admission, that, at its date, the note was unpaid; and this it does shew; and the plaintiff has also expressly proved, that the defendant Hart, within the five years, admitted that the debt was just and unpaid. But does this support the issue? does it shew that the cause of action ac~ crued within the five years? Assuredly not, unless we can say, that this acknowledgment of the debt does not operate as a new promise, but draws down the original promise to the time of the acknowledgment; and this it is impossible to say, in this action of debt, founded on the promissory note alone. Indeed, there are many cases, in the english books, to shew, that in actions of assumpsit, the subsequent acknowledgment must be taken as a new substantive promise ; and this (when I come to cite these cases more par *521 tieularly) will shew the distinction in this respect between debt and assumpsit. What says the statute of limitations on this subject ? All actions upon the case (other than slander) and all actions of debt grounded on any lending or contract without specialty, shall be commenced and sued within five years next after the cause of such action, or suit, and not after. This statute is taken from that of the 21 Jac. 1. ch. 16. only substituting^/iae years for six. It would seem to me difficult for the legislature to have selected terms more clear and unambiguous, than those used in this law; and yet we shall see, that by tbo course of judicial legislation pursued by the english courts, they have made them to mean, sometimes one thing, sometimes another, and sometimes nothing at all. Happily, the more recent decisions, are bringing the subject back to the plain common sense of the statute; at least, the judges seem disposed to come as near to it, as the trammels of inveterate practice and precedent, will permit them. With us, there are no such trammels ; for I believe this is the first time, that the point now in discussion, has come directly before this court.
I do not know, that I can so well state the course of decision on this subject, as by quotations from some of the able judges who have presided in the english courts, within the last fifteen or twenty years. In A’Court v. Cross, 3 Bing. 329. 11 Eng. C. L. R. 124. chief justice Best says, “ I am sorry to be obliged to admit, that the courts of justice, have been deservedly censured for their vacillating decisions on the 21 Jac. 1. ch. 16. When by distinctions and refinements, which, as lord Mansfield says, the common sense of mankind cannot keep pace with, any branch of the law is brought into a state of uncertainty, the evil is only to be remedied by going back to the statute; or if it be in the common law, settling it on some broad and intelligible principle.—The statute says, that actions on the case, account, trespass, debt, detinue, and replevin, shall be brought within six years after the cause of action, and not after. These actions, it will be observed, are mentioned in the same sec *522 tion of the act, and the limitation of the time, within which they must be brought, is the same in all of them. In all of these except assumpsit, the six years commences from the moment there is a cause of action, and that time cannot be enlarged by any acknowledgment. But in assumpsit, it has been holden, that although six years have elapsted since the debt was contracted, if the debtor promises to pay it within six years, he cannot avail himself of this statute, because this promise, founded on a moral consideration, is a new cause of action. It seems to me, the plaintiff should have been required to declare specially, on this new promise, and ought not to have been permitted to revive his original cause of action, for which the statute expressly declares no action shall be brought. By the present practice, the defendant has not such distinct information as, I think, he is entitled to, that the plaintiff means to avail himself of some promise, to recover, a stale demand. The real cause of action is kept intirely out of view, and one that cannot be supported is brought forward. This is inconsistent with what is said to be the intent of special pleading. The courts however have not stopt here; they have said, acknowledgment of a debt is sufficient, without any promise to pay it, to take the case out of the statute. I cannot reconcile this doctrine, either with the words of the statute, or the language of the pleadings. The replication to the plea of non assumpsit infra sex annos, is, that the defendant did undertake and promise within six years. The mere acknowledgment is not a promise to pay it. It has been supposed, that the legislature only meant to protect persons who had paid their debts, but from length of time had lost or destroyed the proofs of payment. From the title of the act to the last section, every word of it shews, that it was not passed on this narrow ground. It is, as I have often heard it called by great judges, an act of peace. Long dormant claims, have often more of cruelty than of justice in them. The legislature thought, that if a demand was not attempted to be enforced within six years, some good excuse for the non *523 payment might be presumed, and took away the legal power of recovering it.” Again, in Scales v. Jacob, 3 Bing. 638. 13 Eng. C. L. R. 85. the same distinguished judge makes the following sound and excellent remarks : “ The two best statutes in our books are, the statute of frauds and the statute of limitations; but, unfortunately, the judges in Westminster hall, have taken a different view of the subject; and, until recently, a struggle seems to have been made to avoid the effect of those statutes, it is curious to observe the progress of opinion on this subject. At first, it seems, the judges were with the statutes, and in Dixon v. Thompson, 2 Show. 126. Scroggs, J. and the bar on both sides were agreed, that there must be an express promise to take the case out of it. The same point was ruled, in Bass v. Smith, 12 Vin. Abr. 229. and in Bacon v. Briggs, 3 Atk. 105. it was still held, there must he a promise, although the court considered it somewhat hard. Then, in Hyleing v. Hastings [1 Ld. Raym. 389. Com. Rep. 54.] by the opinions of ten judges, after much consultation, it was determined that an acknowledgment of the debt, was at the utmost only evidence from which a promise to pay might he inferred by a jury; hut that if a jury found only the bare acknowledgment, it would not be sufficient. After this, equity lawyers came into the courts of common law. Lord Mansfield brought with him into those courts, equitable notions of the statute of limitations; and held that a bare acknowledgment of the debt, even after action brought, would be sufficient to support the action, although not commenced till after the expiration of six years. Lord Loughborough entertained the same opinion. The court of king’s bench adhered to it, till ultimately the principle was carried to such a degree of absurdity, that a declaration of a defendant that he would not pay (Dowthwaite v. Tibbut, 5 Mau. & Sel. 75.) was holden a sufficient acknowledgment to take the case out of the statute.” The judge then states the case of Hellings v. Shaw, 5 Taunt. 608. where the court of common pleas (Gibbs, C. J.) came to a different decision; and refers to, *524 and approves of all he had himself said in A'Court v. C'ross. He then says, “ Having disposed of the cases, I come next to the statute. If the language of that is clear, we are especially bound to adhere to it, where there is a conflict among the decisions; and the language of this statute'is so clear, that if it were not for the decisions, a doubt would hardly be raised upon it. It has been argued, that the object of the statute was to protect those who had lost the evidences of their payments. This I deny. The title of the act is proof to the contrary; An act, for limitation of actions, and for avoiding suits in law, and the preamble is, For quieting men's estates, and avoiding suits.” (See 3 Hen. Stat. at Large 381. our statute of 1705, 4th year of Queen Anne, with a like title, An act for limitation of actions, and avoiding of suits, and the preamble, For avoiding of law suits. And in the revisal of 1748, there is the same title and preamble, 5 Id. 513.) The judge proceeds: “ After appointing various periods of limitations for other actions, the act provides, tha't all actions on the case, other than for slander, shall be commenced and sued within six years next after the cause of such actions, and not after. But it has been argued, that by an acknowledgment after the six years, a new cause of action is created, from which a promise may be implied. Yet in ejectments and the other forms of action, besides assumpsit, enumerated in the statute, no acknowledgment after the allotted time will create a new cause of action, although the statute was passed on the same principles with respect to those actions as with respect to assumpsit. It is not a statute to protect parties against loss of evidence, but to quiet claims.”
There are many cases going to shew, that the old doctrine, that the acknowledgment of a debt was a continuation of the original promise, is exploded. Hurst v. Parker, 1 Barn. & Ald. 92. Green v. Crane, 2 Ld. Raym. 1101. Sarell v. Wine, 3 East 409. Ward v. Hunter, 6 Taunt. 210. 1 Eng. C. L. R. 359. Pittam v. Foster, 1 Barn. & Cress. 248. 8 Eng. C. L. R. 67. In this last case, chief *525 justice Abbott said, “ The question is, whether an acknowlodgment within six years operates as a new substantive promise, or draws down the original promise to the time when the acknowledgment is made? In Hurst v. Parker, lord Ellenborough says, that in assumpsit, an acknowledgment of the debt is evidence of a fresh promise. If that be not so, but on the contrary the acknowledgment is to have the effect of drawing down the original promise, then in an action by an executor, upon promises made to the testator, evidence of a promise made to the executor would support the issue; but the reverse was decided in Green v. Crane.” And he added, that Ward v. Hunter (to the same effect) “ was determined at a time when lord chief justice Gibbs presided in the common pleas, than whom, no judge was ever more perfectly acquainted with the rules of pleading.”
In Bell v. Morrison 1 Peters 371. judge Story delivering the opinion of the court, and speaking of the power of a partner, after dissolution, to bind the firm by the acknowledgment of a prior debt, says, “ We think the proper resolution of this point, depends upon another, that is whether the acknowledgment or promise is to be deemed a mere continuation of the original promise, or a new contract springing out of and supported by the original consideration ? And we think it is the latter, both upon principle and authority.”
I must add one more to this list of cases: Tanner v. Smart, 6 Barn. & Cress. 603. 13 Eng. C. L. R. 273. decided by the court of king’s bench in 1826. The opinion is delivered by lord Tenterden, and I shall continue to quote his words, because I think it the fairest and most impressive manner of stating the authority. He says, “ The action was in assumpsit. Issue was joined upon the statute, and the acknowledgment proved was, I cannot pay the debt at present, but I will pay it as soon as I can. The point, therefore is, whether this is such an acknowledgment as, without proof of any ability on the part of the defendant, takes the case out of the statute ? There are, undoubtedly, *526 authorities that the statute is founded on the presumption of payment; that whatever repels that presumption, is an answer to the statute, and that any acknowledgment which repels the presumption is, in legal effect, a promise to pay the debt; and that though such acknowledgment is accompanied with only a conditional promise, or even a refusal to pay, the law considers the condition or refusal void, and considers the acknowledgment of itself an unconditional answer to the statute.” And after referring to the cases touching this doctrine, he proceeds: “ But if there are conflicting authorities upon the point, if the principles, upon which the authorities I have mentioned are founded, appear to be doubtful, and the opposite authorities more consonant to legal rules, we ought to grant a new trial.” He then quotes the words of the statute, and proceeds, “ though this statute puts all these actions upon the same footing, it is only in actions of assumpsit, that an acknowledgment has been held an answer ; and when in the case of Hurst v. Parker, it was decided to be inapplicable to actions of trespass, lord Ellen-borough gave what appears to be the true reason, that in assumpsit an acknowledgment of the debt is a fresh promise, and that promise is considered as one of the promises laid in the declaration, and one of the causes of action which the declaration states. If an acknowledgment, had the effect, which the cases in the plaintiff’s favor attribute to it, one should have expected that the replication to a plea of the statute would have pleaded the acknowledgment in terms, and relied upon it as a bar to the statute; whereas the constant replication, ever since the statute, to let in evidence of an acknowledgment, is, that the causes of action accrued (or the defendant made the promise in the declaration) within six years; and the only principle upon which it can be held to he an answer to the statute, is this, that an acknowledgment is evidence of a new promise, and as such constitutes a new cause of action, and supports and establishes the promises which the declaration states. Upon this principle, whenever the acknowledgment supports any of the *527 promises in the declaration, the plaintiff succeeds; when it does not support them, (though it may shew clearly, that the debt never has been paid, but is still a subsisting debt) the plaintiff fails.” The chief justice then cites and comments on all those cases shewing that an acknowledgment is a new promise ; and concludes this point thus: “ Ail these cases proceed upon the principle, that under the ordinary issue on the statute of limitations, an acknowledgment is only evidence of a promise to pay; and unless it is conformable to and maintains the promises in the declaration, though it may shew to demonstration that the debt has never been paid, and is still subsisting, it has no effect.”
Therefore, upon the pleadings in the case before us, upon the plain words and meaning of the statute, upon principle, and upon authority, Í am clearly of opinion, that the evidence demurred to does not support the issue on the plaintiff’s part; and that the judgement ought to be reversed and judgement entered for the appellant.